May it please the court, counsel, Dan Casey for petitioner. Your honor, yesterday the state filed a Rule 28J letter of supplemental authorities. I found that a little ironic, the government raising the 28J letter, something that only emerged in this case at the last minute. I'll be darned. I noticed in the second paragraph it says this court will not consider issues raised for the first time on appeal. That's a little ironic, arguing that you waived something that they presumably knew about a long time ago. Yes, your honor, that is my position as well. Yesterday I filed a response letter. I filed three copies to the bailiff for the court this morning because I was not here. Have you seen the response? I'm not sure I need to see the response. Basically, your honor, all I cited was this court has held repeatedly, as the judge has indicated, that new issues may not be raised for the first time on appeal in a 28J letter. This was not raised in the state's answering brief, and therefore the issue should be deemed waived, consistent with this court's case law. I don't think you need to argue that to me. I'm surprised the state didn't know that, or if the state did know it, I'm surprised they filed a 28J letter that they did. Okay. Yes, thank you, your honor. Basically, I think the issues as far as the successive petition question is fairly well set out in the briefs. I didn't have anything to add on that question. I would, of course, I'm here this morning primarily to answer any questions the court has. Okay. I think we may have several questions. Yes, your honor. I know that when Mr. Dawson was in state court or in various points in state court. Yes, your honor. The state contended for, I think it was his second habeas petition in state court, I'm not sure I can keep them all straight, that his proper remedy in state court was not habeas but rather mandamus. Yes, that's correct. That was actually the first state habeas petition where the state said this is not exactly right. He then does a mandamus and he loses. Yes. When he comes into federal district court on his first habeas, what position did the state take? I've read the magistrate judge's order and I infer from the magistrate judge's order that the state said, well, he didn't exhaust because he should have gone through habeas. That's correct. And he's now not exhausted and the time for exhaustion has run. So he's not only not exhausted, he is procedurally barred. That's correct, your honor. That was the state's position. So the state took two contrary positions? Yes, your honor. It first took the position that he had to do mandamus. After he did mandamus, it said you shouldn't have done mandamus, you should have gone habeas. Yes, that's correct, your honor. And the state's free to say that that's wrong, but okay. I have to say there's a doctrine called judicial estoppel. Yes, your honor. That prevents a party from taking inconsistent positions in the same litigation when it advantages that party the first time and then advantages the party to take the opposite position at a later time. Yes, your honor. And although Petitioner did not raise that, he would rely on that doctrine, that that was precisely what happened with the state. And even more so, in the first federal habeas case, I would ask the Court to take special consideration that this was a pro se Petitioner. He asked for the appointment of counsel several times, and the magistrate judge denied. Did the state take any position with respect to appointment of counsel in the federal habeas case? I don't believe so, your honor. I believe that was simply between Petitioner and the magistrate judge. But it is worth noting, as I pointed out in the brief that the state, even the state acknowledges in its respondent's brief to this Court, that this was not simply a basic habeas case. In the magistrate judge Coffin's court, this was an extremely technical and complicated, as are most habeas cases, but this even more so. And this Petitioner was left to fend on his own without counsel. My problem with a general principle such as we might use to rule your way if we were to do so, my problem with a general principle that says this is a complicated case, Petitioner was unrepresented on the first federal habeas. It's unrealistic to expect him to have properly presented his arguments. Therefore, we'll give him another shot at it. Yes, your honor. That way, madness lies. That is to say, we've just opened the door to a flood of successive petitions, and we won't call them that because the Petitioner was unrepresented the first time around. Well, your honor, I understand that. And that is a significant problem in this case. However, this case could be distinguished on the ground that it was so complicated. Parole board issues particularly are especially complicated, and when you jump into federal habeas, that adds another layer of complication. And maybe in addition, which is why I talked about the inconsistent positions of the state, the state is behaving badly here. That is to say, taking two inconsistent positions against a relatively helpless Petitioner. Yes, your honor. And I ask, though, I take the point, but just to follow the process through, on the first habeas petition, after the district court had ruled against your client, he then sought a certificate of appealability from the district court, correct? That's correct, your honor. And that was denied. Well, actually, I'm sorry, your honor. He actually just filed a notice of appeal. He did not seek, but the district court did on its own deny a certificate of appealability. All right. And did he then seek a certificate of appealability from the Ninth Circuit? No, he did not. But the Ninth Circuit, again, on its own, denied a certificate of appealability. And my point there, your honor, is, again, it highlights this was a pro se prisoner floundering on his own and had no idea. I mean, that's. Yeah, and I understand. I'm just trying to sort it out and what the implications are. So he didn't initiate, but we, in our screening process, identified it as a COA case, and the three-judge COA panel determined. That it was not. That it was not. He did not show his potential. But it was never a contested or argued COA. Yes, your honor. Which sort of presents this oddly, is that why this case, this time, it got up to the Court of Appeals, whereas the first time it did not, whereas in the first time, Petitioner would have been in a better position to argue this was not procedurally defaulted because of the state mandamus. And at what point, and I assume you're appointed counsel. I'm sorry, I'm appointed counsel. Yes, sir. I came into this case. And we appointed you. Exactly, your honor. And that's the, that has been the puzzling, to me that's been puzzling, why this time he was appointed counsel in the district court for the second habeas, this case. And then that counsel withdrew at the conclusion of the habeas case, and I was appointed on appeal. I'm sorry, I was gathering, well, recount that narrative for me one more time. Yes, he came into the second habeas unrepresented, filed a pro se. I'm sorry, I'm sorry. He came into the district court.    as to why this Court would accept or why we are at a peak of the second habeas, is that the district court, in this time, Judge King, appointed counsel for him. He did have counsel for him for an amended habeas petition where he raised the post facto claim clearly. He lost. Appointed counsel withdrew. And then I was appointed through the CJA panel. So he was never appointed counsel the first time around. He was appointed two separate counsel at the different stages this time around. Yes, your honor. And the only difference I can see between the first habeas and the second habeas, as to why this Court would accept or why we are at appeal here today, is that he had no counsel the first time and he had counsel the second time. And that is another way to distinguish. My clerk tried to obtain the notes from the staff attorney on the first COA and was unable to do so. I think they've not been retained. So we couldn't quite figure out what the staff attorney knew or didn't know, thought or didn't know. What we do have is the one-line denial of the COA in this Court the first time around, denied by two judges, Judges Gregerson and Reinhart, which leads me to believe that there was absolutely nothing to work with the first time around. Well, and your honor, again, I don't want to disparage anyone or sound conceited, but it didn't take that much of a leap for me to go through the record and find the exhaustion in State court, and that was there was at least an argument to make that this petition or that the plain statement rule was not compliant with. What is the doctrine, given that landscape of pre- How does that, what's the doctrine under which we would then find this not to be second or successive? Your Honor, the doctrine would be that, going back to the beginning, that yes, Castile says a State petitioner, a State prisoner must present his or her Federal claim procedurally in a manner that a State court can reach the merits of the Federal claim. However, overlaid on that is the doctrine that if the State court, the highest State court in this, the Oregon Supreme Court, denies relief on that Federal claim, it must have a plain statement that the reason it did so was for violation of a State procedural rule. Is that something that should have been raised in the first round? Yes, Your Honor, it should have. Why isn't the collateral attack now? Because, again, Your Honor, the only thing I can say is he was pro se. It was complicated. He was pro se. And the State took what he was driving at. Yes. The principle, if we were to rule in your favor, going to be that if the Petitioner is pro se, then there's some doctrine that will allow us to excuse or find not second or successive. And if we do that, what are the limits on that? Well, the limit, Your Honor, would be to distinguish, to say that we are limiting our holding to the specific facts of this case. You know, you weren't listening to me earlier. I'm sorry, Your Honor. The limiting principle is in cases where he is pro se and the State has engaged in affirmative litigation misconduct by taking two inconsistent positions to the advantage of the State both times. Yes, Your Honor. And I'm sorry. That's why you're there and I'm here. But that would be the distinguishing principle. It's hard for him to step down there and resign. Right. I appreciate the help, Your Honor. I've got another question, and it may or may not lead us anywhere. I know that after the first denial of the first federal habeas, Mr. Dawson went back to the State court. Yes, Your Honor. What happened in the State court? Yes, Your Honor. That's actually myself. I filed a 28-chain letter today. And, again, it's not ñ I filed it yesterday, actually. And it was just to alert the court that in 2009 the Oregon Supreme Court resolved that case. Okay. So what happened? And, basically, they said this was an appeal involving the very first habeas where he said he went to the parole board and said, ex post pact of violation, the parole board cited the statute. The State cited the statute. The parole board said you cannot obtain judicial review. They said no. I'm sorry. He went to the court of appeals. The State cited a statute that says any decision by the parole board pertaining to a release date is non-reviewable, period. And he went to the Oregon Supreme Court on that and said, well, they actually did make a final decision, and it is reviewable. The Oregon Supreme Court said, no, it's not. You're out of luck. That avenue is now closed. So it would be an additional ñ he has no State remedy, at least in that avenue. And that is foreclosed now. But that's why I filed the 28-chain letter to cite that to the court, to say that that's been resolved against him. That was pertaining to the stay issue, where the second issue Petitioner raised on appeal was that the district court abused its discretion in not granting the stay because there was a current active State appeal. That was the State appeal. He's lost. So that's no ñ that's no longer in existence. Okay. Unless the Court has further questions. Let's hear from the State. Yes, thank you.  I'll give you a chance to respond. May it please the Court, Caroline Alexander for Respondent Brian Bullock. If Your Honors will allow me, I'd like to explain a little bit more the procedural posture of this case, which explains why I filed the 28-J letter. And I do concede, Your Honors, it's not a proper use of 28-J letter. But let me explain the choice I had when I decided to do that. The choice you had was you had failed to object when you filed the red brief. Well, I will concede that, Your Honor. We missed the argument in the opening brief. But here's what happened subsequently to that that caused me to do what I did. When Petitioner filed the opening brief, he included in the record most of the exhibits from the response to the order to show cause in this case that was before the district court. And he made an argument in the blue brief that the district court had erred in concluding that Petitioner had not failed to exhaust but had procedurally defaulted his claim. And that's correct. That's what the district court did. The argument below with different counsel appointed to represent Petitioner was this is not a second or successive petition because I haven't exhausted my State court remedies. Now, clearly under Slack v. McDaniel, that's just fine. It's not a second or successive petition if that's the case. Petitioner goes back, exhausts, comes back, no second or successive petition. District court, based on the exhibits that Petitioner submitted, concluded, no, no, no, this is not a failure to exhaust. You procedurally defaulted the claim. That's a different thing. That's an adjudication on the merits. This is a successive petition, and so I'm dismissing it for that reason. Then in the opening brief, Petitioner alludes to that failure to exhaust but defaulted ruling by the district court, but then he went on to make another argument. And that's the argument in Howard v. Lewis, this Court's 1990 opinion, that talks about, okay, if you defaulted your case, defaulted all of your claims in the first case, you may be able to file a successive petition if you can show you didn't have a full and fair hearing before the district court in the first case. In the excerpt of records, in addition to all of the exhibits before the district court was one document from the first Federal habeas case that was not before the district court. None of the documents in the first case clearly showing the default were ever before the district court. That's the part that we missed when we filed the opening brief. We should have seen that, oh, the argument's a little bit different, and this document was never in the district court's record. Petitioner then filed the reply brief, and in the reply brief he made it abundantly clear what his argument was. I thought the argument was pretty clear in the blue brief. As counsel said, that's why you're up there, Your Honor, and we're here. In all seriousness, I think that's right. We missed it. Yeah. We missed it. And you're trying to save yourself with a 28-J letter. Well, and I'm getting to that, slowly but surely. I beg the Court's forgiveness for being so slow, but in my mind it's fairly convoluted. Petitioner files this reply brief, he makes the argument, talks about Howard and Henderson v. Lampert, this Court's more recent decision, and then submits in the – in a supplemental excerpt of record several more documents that were in the first case but not before the district court. So I took this case for oral argument, and I, you know, I reviewed all the materials, and something just struck me as odd. But it took me probably three reviews before I realized what had happened, that the argument was different, the exhibits or the record was different, and this was never an argument and never a record that was in front of the district court. That was Sunday, and it took me part of last week and all weekend to realize what the problem in the case was. And I admit I'm probably slow on the uptake, but I'm not even going to say in my defense it wasn't my case. It was a new review for me of the entire record. When I realized that on Sunday afternoon, I realized I had several choices. I could have filed a motion to strike the supplemental excerpt of record that is not in this record, or I could have asked for supplemental briefing. I could have waited until today to explain all this to the court, or I could try it by a 28-J letter just to alert the court. The state has a lot of resources. The state has lawyers. The state is arguing that it should not be penalized for making a mistake, yet throughout this litigation, you're doing nothing but arguing that Mr. Dawson should be penalized for making the mistakes he made when he was unrepresented.   Why is that? Why is that the reason for this whole issue? Well, Your Honor, before this ‑‑ the documents before this court, if I may explain what I see in that. In the first habeas proceeding, Mr. Dawson litigated the same claim. So that's not an issue. It's not a could have litigated. It's did litigate the same claims. And the district court in the first case came to the conclusion that the claims were procedurally defaulted. In that record is the complete exhibits, the documents from the first state habeas proceeding, the second state habeas proceeding, and the mandamus proceeding, all except as counsel notes that last opinion that the court issued after the briefs were filed in this case. You're absolutely right. In that first state habeas proceeding, the state again made a mistake, that mandamus was the proper remedy and state habeas wasn't. That was wrong. So the ‑‑ wait a minute. The state made a mistake? The state argued. State made that argument, and the state was wrong. And the state was wrong. But it prevails on that argument in the sense that that petition is withdrawn based on the state's argument. Well, the state made several arguments. And the state habeas judge in the first case simply said, for those reasons, I'm dismissing it. So, yes, I think we can assume that was in part. So then Mr. Dawson does exactly what the state had said he was supposed to do. He files mandamus. No. Actually, Your Honor, what he does next is he files a second state habeas petition. The first one he dismissed on appeal. Oh. And what happens on the second one and why? Well, I actually don't know, Your Honor, because I don't have that record. It's not in this record. But he eventually does exactly what the state said he was supposed to do. That is to say, he files a mandamus. Although he litigates it first completely in a second state habeas. I understand that. But he files a state mandamus as the state had told him he had to do. And it looks as though the state won when the state told him he had to do that. Well, again, Your Honor, I respectfully disagree because I don't know what happened in the second state habeas case. No, I'm not interested in the second state habeas. In the first state habeas, he files habeas. The state says, sorry, habeas is the wrong remedy, you should have filed mandamus. And the district, the state trial court agrees and dismisses. He then files another habeas, unrepresented. It doesn't work. I don't care about that one. I'm not sure that he wasn't represented, Your Honor. I think he may have been because usually in state habeas, our petitioners are represented. So I don't know the answer to that. You don't know the answer to that. I don't because I don't have that record. Okay. So we don't know. We don't know. He then files mandamus. Was he represented when he filed mandamus? I don't believe so because, again, I'm going from what usual practice is. They're usually not. Okay. So we'll assume, although I guess we can maybe go back and find out. Assuming that he's unrepresented, he files mandamus exactly as the state told him to do. Except that he challenged a different board order. He then loses on mandamus. He then files in federal district court habeas. And I gather your office says he shouldn't have done mandamus. No, I think that's probably correct, Your Honor. Your office did say that. Yes. So your office has taken the position, should have done mandamus. He does mandamus. Shouldn't have done mandamus. You know, this just smells bad. I mean, you've got somebody who's in jail with a very good ex post facto argument, and you just up one side and down the other six days from Sunday to baffle him. And now you're coming here and saying, ha-ha, we win. Well, Your Honor, I see your point. I do see your point. But I think that all turns on what happened in that second habeas petition.   And I think that's a case that could have been solved, and for all we know, the State could have said we were wrong that first time. But you don't know that? But I don't, because it's not in this record. And it wasn't before the decision was made. Based on the behavior of the State so far, I'd be astounded if the State said that. Well, I don't know, Your Honor. I honestly don't know. Well, I'm not going to assume one way or the other, and you don't have any record in front of me to tell me. The inference would be that the State didn't say that because he, by your statement, went through the full habeas proceeding and then filed mandamus. So if the State had said something different, had corrected its first representation, it seems odd that he would have then resorted to mandamus. Well, except that it was a different board order in the mandamus. But I mean, why would, if the State had said we were wrong, that habeas is the appropriate thing, then he would have filed a habeas on the new board order. But there are also other reasons why habeas wouldn't lie, not just because it wasn't the proper remedy. That's wrong. But there are other reasons that the State discussed in the first habeas, State habeas. But the State having taken the position in the first State habeas that mandamus was the proper remedy, why doesn't the doctrine of judicial estoppel prevent the State from taking that position in front of the magistrate judge in the first Federal habeas? Well, again, I think it turns on what happened in the second State habeas. Again, if the State said that was incorrect. But you can't tell me it said one way or the other.   I mean, why? Because Petitioner never submitted that record in the district court. Well, at this point, I'm after you guys, charging you for having violated your responsibility, and I think maybe you should present it. Well, I'm happy to do that, Your Honor, if we can resurrect that record that was before the first Federal habeas, Federal habeas court, I'm happy to do that. I'm happy to submit supplemental briefing if that would be necessary. Let's assume for the moment, and I'm assuming you're assuming, let's assume for the moment that the State never retracted its position in the second State habeas that it advanced in the first State habeas. That is to say, in both State habeas proceedings, we have standing the argument from the first State habeas that the proper remedy is mandamus. Whether the State advanced it in the second one or not, I don't care. What I'm assuming is the State never repudiates that argument. He then files mandamus in State court, and he loses. The State then responds in the first Federal habeas that you never should have done mandamus, and you should have done habeas, and you've procedurally defaulted the argument. That strikes me as a violation of the doctrine of judicial estoppel. Do you agree with me? Under those facts, yes, it probably would be. The State having violated the doctrine of judicial estoppel, having taken inconsistent positions to its own advantage, and taking an inconsistent position that it should not have taken in the magistrate, in front of the magistrate judge in the first Federal habeas against a pro se represented petition, why is that not prevention by the State of an effective presentation of the Federal habeas by this unrepresented petitioner? If the facts more fully developed and the record more fully developed, I think that's probably the case. But I think it would be. And if that turns out to be the case, should this be treated as a second or successive? I think in that case, it should go back to the district court to have all of that aired. No, I'm asking you a different question. Assuming it turns out to be the case as I have just assumed it, does that mean that this is not a second or successive petition? I think probably it would, because it's not. I'd like a yes or no if you can. Well, qualified yes. Qualified yes, it is a second or qualified yes, it is not. It is not, because it appears that the case law on successive petitions uses something similar to a cause argument in deciding whether a petition is successive.   And if I'm right, then it's a third or a fourth under the cause and prejudice standard of, say, McCluskey v. Sant and abuse of the writ. So assuming that's the case, I think that would probably fit into cause. Okay. Now, you say qualified yes. What's your ‑‑ what's the qualification? Two things, Your Honor. If in fact that ‑‑ if in fact the facts are as you suggest they are, if it plays out. Okay. Yeah. And second of all, if I'm right, that in fact what determines whether a petition is successive is in fact a cause argument, like this Court suggested in Howard v. Lewis, that something external to the defendant or the petitioner prevented him from fully litigating or responding or something else that caused him to not be allowed to bring his position, his claims, his arguments. And that would fit. That would fit a Howard v. Lewis model, I think. Yeah. Okay. I'm not sure the State would be happy with an opinion that might get written in this It may turn out that the record shows that the State has done some bad things. I don't mean stolen money, but I mean taken inconsistent positions to its own advantage against a pro se petitioner, when in fact there's a very good ex post facto argument lying behind all of this stuff. Well, Your Honor, if I may, this Court has seen those arguments before and rejected them in previous cases. Well ‑‑ The State does not agree. He wins on the merits. Yeah. It occurs to me, and I'm not consulting my colleagues on this point, that this might be an appropriate case for mediation, because there are lots of complexities. There's lots of stuff that's gone on that's discomforting, I suspect, to both sides. I mean, I understand. You're up here trying to ‑‑ I mean, you're playing the cards you were dealt. And sometimes mediation can sort us out, maybe get us to the point where the State agrees. Let's just ‑‑ we won't object to the second or successive. We'll just litigate the question of ex post facto, which, of course, hasn't been litigated. If you're confident you're going to win, you're going to win. That at least occurs to me as a possibility. We'd be receptive to that, Your Honor. Okay. Any further questions? No. Thank you. Okay. Thank you. Thank you for your explanation. Yeah. Yeah. Your Honor, I did just want to respond to the State's argument that the district court in this case did not have the full record before it. Some of the documents came from the first habeas case. What the district court did in this case was rely on the record from the first federal habeas case in saying that the petition is successive. The court had to do that because it had to go back and look at the pleadings and what happened in the first case. So it is incorrect to say that the district court did not have all of the documents on which Petitioner relies in this court. Those were part of the State does not dispute that the Petitioner's State habeas petition was part of the record in the first habeas, federal habeas case. And that was before. That was therefore properly part of the record before the district court in this case because you couldn't get to the successive petition without getting to the record in the first case. Petitioner was unrepresented in State mandamus. That was one of the questions Your Honor had. I see that I'm out of time, Your Honor. If you've got further things you need to elucidate. I just wanted to, Your Honor's question about the second State habeas petition, the record does show in the brief and in the documents that were filed that that was dismissed at the State court of appeals level for want of prosecution because the Petitioner did not file an appellant's brief. Now, I don't know if it can be any clearer, but the inference from that is the reason that an appellant's brief was not filed is because he was pro se. That would be my guess, but at this point for me it's only a guess. Right. But if the court does look more specifically at the record, there may be a more definite answer in there. I don't have it as well, Your Honor. Okay. And your response to the possibility of mediation? We would be open to that, Your Honor. All my client really wants is a hearing on his federal habeas, on his ex post facto claim, which I don't see the State ever disputing throughout any of this litigation, at least on the first. Right. So if we could reach somehow through mediation an understanding that this petition would not be opposed on grounds of second or successive, and you just, both sides get to the merits of the ex post facto. Yes, Your Honor. That's one of my alternate remedies, is that if nothing else, send it back to the district court for a hearing on the ex post facto. Thank you, Your Honor. Thank you. Thanks both sides. We have one more question. Thank you. Sir, you can always agree to that without mediation. We're not preempting the opportunity for you, as counsel representing the respective clients, from doing that without the intervention or assistance of mediation. There's a nice room right there. Okay. Thank you. Dawson v. Bilek is now submitted for decision. And the next case is Parker v. Bilek. Good morning. Good morning, Morrow. Representing Mr. Hang on a second. We've already got set up here. I'm sorry. Okay.
judges: Bury, Fletcher W. , Fisher